## Raccoon Township v. McKibben et al.

*Rowley & Smith,* for petitioner.

*Hon. John G. Marshall,* for respondents.

SOHN, J., April 10, 1947.—Pearl McKibben, widow of Stewart L. McKibben, late of Raccoon Township, in this county, filed a petition praying that the court fix and determine the balance due upon a judgment of the Township of Raccoon against S. L. McKibben and E. E. Caler.

The facts alleged in the petition and established by the testimony are as follows: Stewart L. McKibben and E. E. Caler were sureties on the bond of Earl E. Long, tax collector of Raccoon Township, in this county. Earl E. Long died in 1931, and an audit of his accounts disclosed an indebtedness to the Township of Raccoon in the sum of $1,306.14. In settling the claim

of the township, S. L. McKibben and E. E. Caler, on November 21, 1932, executed and delivered their judgment note to the Township of Raccoon, in the sum of $1,306.14, payable one year after date. Judgment was entered on this note by confession at no. 658, December term, 1932, D. S. B. The judgment was subsequently revived at no. 264, December term, 1937, D. S. B., and at no. 192, December term, 1942, D. S. B. On May 18, 1938, the supervisors of Raccoon Township, by paper filed at no. 264, December term, 1937, D. S. B., released E. E. Caler and all of his property from the indebtedness evidenced by said judgment. At least a majority of the township auditors approved this release. Prior to the execution and delivery of the release of E. E. Caler, and his property, the supervisors and auditors consulted S. L. McKibben. It was agreed that if McKibben would consent to the board releasing Caler from liability upon the payment of $500, Mr. McKibben would have the same opportunity and he would be released if he paid $500.

On September 29, 1944, S. L. McKibben died testate, and by his last will and testament, devised and bequeathed his property to his wife, Pearl McKibben, petitioner. At the time of his death, S. L. McKibben was the owner of a farm situate partly in Independence Township, and partly in Raccoon Township, Beaver County. During the lifetime of S. L. McKibben, he was unable to raise the sum of $500 to pay the supervisors and secure satisfaction of the judgment. After the death of S. L. McKibben, Pearl McKibben, petitioner, offered the supervisors of Raccoon Township the sum of $500 and record costs in satisfaction of the judgment. The supervisors refused to accept this sum, and demanded the sum of $653.07, with interest at six percent from November 21, 1932, compounded annually. Petitioner then deposited the sum

of $1,250 with the law firm of Rowley & Smith, to be held in escrow pending final determination of the exact amount due, with full authority to Rowley & Smith to pay the amount determined to be due and owing to the supervisors of Raccoon Township.

The supervisors of Raccoon Township joined in the petition without admitting the truth of any of the allegations of fact contained in the petition, and demanded proof thereof, and requested the court to fix and determine the amount of money legally due and owing upon the judgment.

Testimony was taken before the court, and there appeared as witnesses, among others, a representative of the present board of supervisors, the two surviving supervisors who were in office during the time when the supervisors accepted $500 and released Caler; two of the three auditors in office at that time, as well as the solicitor at that time, for the township supervisors, Hon. John G. Marshall. From the testimony taken, we are satisfied that in 1937, the board of supervisors of Raccoon Township agreed to release S. L. McKibben from the obligation of the aforesaid judgment upon the payment by him of the sum of $500. The testimony clearly indicates that it was the intention of the board of supervisors to release Mr. McKibben from further liability had he paid $500 in 1937. We believe the present board of supervisors are bound by this agreement. There was offered in evidence and appears in the record, a letter to S. L. McKibben from John G. Marshall, solicitor for the Raccoon Township supervisors. This letter is dated October 5, 1942, a part of the letter reading as follows:

"On May 8th, 1938, the Supervisors of Raccoon Township accepted the sum of five hundred dollars from E. E. Caler in full settlement of his obligation upon the above stated judgment. The Supervisors

have advised me that they are willing to accept this amount from you and satisfy the judgment of record, if such settlement is made promptly. The lien of the present judgment will expire on November 21st next, and must be revived in the meantime unless paid by you as above indicated."

This letter appears of record, and it is apparently by authority of the board of the supervisors of Raccoon Township, who were in office in 1942. It clearly indicates that the supervisors at that time were still willing to carry out the arrangement entered into in 1937, relative to the payment by S. L. McKibben of the sum of $500. The testimony does not show any action on the part of the board of supervisors after Mr. Marshall's letter of October 5, 1942. The judgment was revived in 1942, on November 18th. From a consideration of all the facts in this case, it is concluded that the amount due on this judgment is $500, with interest from May 18, 1938, until the date of payment. The supervisors of Raccoon Township having agreed to accept $500 in 1937 the present board of supervisors are bound by this agreement.

### Order

And now, to wit, April 10, 1947, the court having determined the amount due on the judgment at the above number and term, and the revivals thereof, to be $500 with interest from May 18, 1938, until the date of payment, it is ordered and directed that Rowley & Smith, counsel for petitioner, pay on behalf of petitioner, to the supervisors of Raccoon Township, the sum of $500 with interest from May 18, 1938, at six percent per annum, and pay the record costs, and it is further ordered and directed that upon receipt of this amount, the supervisors of Raccoon Township enter satisfaction of the judgment at no. 192, December term, 1942, D. S. B.